UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-06246-DMG-MAA            Date: August 5, 2021

Title: Donald K. Cherry Jr. v. People

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     Order to Show Cause Why Petition Should Not Be Dismissed

On July 30, 2021, the Court received and filed Petitioner Donald Cherry Jr.'s ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254"). ("Petition"). (Pet., ECF No. 1.) Petitioner challenges a 2019 judgment of conviction for attempted robbery sustained in the Los Angeles County Superior Court. (*Id.* at 2.)[1] He raises one ground for federal habeas relief, arguing that he is entitled to resentencing under a recently-enacted California statute. (*Id.* at 5–6.)

It appears that the instant Petition challenges the same judgment of conviction that is the subject of Petitioner's other Section 2254 action pending before this Court: *Cherry v. Holm*, No. 2:21-cv-03084-DMG-MAA (C.D. Cal. filed Apr. 7, 2021) ("*Cherry I*").[2] The Petition in *Cherry I* challenges a 2019 criminal judgment sustained in Los Angeles County Superior Court, providing the following case number: "SA098702". (Petition, *Cherry I*, No. 2:21-cv-03084-DMG-MAA (C.D. Cal. Apr. 7, 2021), ECF No. 1, at 2.) In the instant Petition, Petitioner also challenges his 2019 criminal judgment in Los Angeles Superior Court No. SA098702. (Pet. 2.)

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

[2] The Court takes judicial notice of the *Cherry I* proceedings. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-06246-DMG-MAA                                         Date:  August 5, 2021

Title:    Donald K. Cherry Jr. v. People

Petitioner may not pursue two separate Section 2254 petitions challenging the same judgment of conviction; instead, the Court is required to liberally construe the instant Petition as a motion to amend in *Cherry I*.  *See Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (holding that district court should have construed petitioner's second *pro se* habeas corpus petition as a motion to amend his pending petition).  However, in light of Petitioner's *pro se* status, the Court will provide Petitioner an opportunity to respond.

Accordingly, Petitioner is hereby **ORDERED TO SHOW CAUSE by September 7, 2021** why this action should not be dismissed and the instant Petition filed as a Motion to Amend in *Cherry I*.  Petitioner's Response to this Order to Show Cause is due no later than **September 7, 2021**.  In lieu of filing a Response to this Order, Petitioner also may file a Notice of Voluntary Dismissal.

**Petitioner is advised that failure to comply with this Order to Show Cause by September 7, 2021 will result in a recommendation that the lawsuit be dismissed for failure to prosecute and/or failure to comply with Court orders.**  *See* **C.D. Cal. L.R. 41-1.**

It is so ordered.

Attachments
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))